# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) ) | |
| v. | ) ) | 1:10CR440-1 1:13CV444 |
| PEDRO MUNOS MANRIQUES, | ) ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge on Petitioner's Motion for Default Judgment (Docket Entry 26)[1] and Respondent's Motion for Leave to File out of Time and Motion for an Extension of Time (Docket Entry 27). (See Docket Entry dated Sept. 18, 2013.) For the reasons that follow, Respondent shall respond to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docket Entry 23) by October 17, 2013, and the Court should decline to enter a default judgment in favor of Petitioner.[2]

---

[1] All parenthetical citations refer to entries in the Docket of the underlying criminal case.

[2] The undersigned Magistrate Judge will enter only a recommendation as to the latter matter because it does not concern a non-excepted, pretrial motion, see 28 U.S.C. § 636(b)(1)(A), but rather appears effectively to represent an "application[] for posttrial relief made by [an] individual[] convicted of [a] criminal offense[]," 28 U.S.C. § 636(b)(1)(B) (internal footnote
(continued...)

BACKGROUND

Pursuant to Petitioner's guilty plea to the offense of being found in the United States after removal subsequent to a felony conviction (see Docket Entry dated Mar. 8, 2011; see also Docket Entries 1 (Indictment), 10 (Plea Agreement), 11 (Factual Basis)), the Court (per United States District Judge Catherine C. Eagles) sentenced him to 15 months in prison, three years of supervised release, and a $100 special assessment (see Docket Entry dated June 14, 2011), with judgment entered accordingly (see Docket Entry 15). The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal. (See Docket Entries 20, 21.)

He thereafter filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Docket Entry 23.) The Court (per the undersigned Magistrate Judge) directed Respondent to respond by September 10, 2013. (See Docket Entry 25.) Petitioner subsequently filed his instant Motion for Default Judgment (Docket Entry 26), which he dated as signed on September 10, 2013 (see id. at 1) and which the Court stamped-as-filed on September 13, 2013

---

[2](...continued)
omitted); see also Baltimore Line Handling Co. v. Brophy, 771 F. Supp. 2d 531, 534 (D. Md. 2011) ("A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act."). In contrast, even in the habeas context, courts have treated "[a] motion for extension of time [as] a non-dispositive pretrial matter that may be referred to a magistrate judge for determination under 28 U.S.C. § 636(b)(1)(A)." Beall v. Cockrell, 174 F. Supp. 2d 512, 517 n.4 (N.D. Tex. 2001).

(see id.). Respondent did not submit a timely response to Petitioner's Section 2255 Motion (see Docket Entries dated July 12, 2013, to present), but, on September 18, 2013, Respondent did file its instant Motion for Leave to File out of Time and Motion for an Extension of Time (Docket Entry 27).

DISCUSSION

Petitioner's Motion for Default Judgment

The United States Supreme Court has adopted "rules govern[ing] a motion filed in a United States district court under 28 U.S.C. § 2255 . . . ." Rule 1, Rules Governing § 2255 Proceedings. Under those Rules, "[i]f [such a] motion is not dismissed [upon preliminary review], the judge [who received it under the court's assignment system] must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4(b), Rules Governing § 2255 Proceedings. Further, "the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 [which permits the district court to expand the record] to determine whether an evidentiary hearing is warranted." Rule 8(a), Rules Governing § 2255 Proceedings (emphasis added). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these [R]ules,

3

may be applied to a proceeding under these [R]ules." Rule 12, Rules Governing § 2255 Proceedings (emphasis added).

"There is no provision in the Rules Governing Section 2255 Proceedings for default judgments against respondents for missing response deadlines, and given the *sui generis* nature of such proceedings and the public interest involved in section 2255 cases, it would be improper to enter a default judgment in favor of a state or federal prisoner based on a missed deadline, especially . . . where [the] petitioner has not been prejudiced . . . ." United States v. Demelio, Crim. No. 05-15, 2009 WL 145949, at *1 (W.D. Pa. Jan. 21, 2009) (unpublished) (internal citation omitted); accord, e.g., Thompson v. United States, No. 6:09CV410, 2010 WL 3782028, at *4 (E.D. Tex. Aug. 23, 2010) (unpublished) ("A default judgment is inappropriate even when the Government inexcusably disregards a district court's orders to respond to a petition. To hold otherwise would improperly place the burden of default on the community at large." (internal citation omitted)), recommendation adopted, 2010 WL 3782019 (E.D. Tex. Sept. 20, 2010) (unpublished); United States v. Scantland, Nos. 2:04CR80773, 2:08CV13097, 2010 WL 6571943, at *4 (E.D. Mich. Dec. 7, 2010) (unpublished) ("Unlike an ordinary civil case, a habeas corpus proceeding implicates interests beyond those of the parties, and thus default judgment is inappropriate."), recommendation adopted, 2011 WL 1642034 (E.D. Mich. May 2, 2011) (unpublished); Mooney v. United States, Civ.

4

Action No. 3:08-3652-PMD-JRM, 2009 WL 2929335, at *4 (D.S.C. Sept. 8, 2009) (unpublished) ("[C]ourts do not enter default judgments in favor of habeas petitioners without reaching the merits of the claim as a matter of policy due to the risk of releasing prisoners who have been duly convicted and the costs involved with retrial."), aff'd, 409 F. App'x 620 (4th Cir. 2010); Sparrow v. United States, 174 F.R.D. 491, 492 (D. Utah 1997) ("Some courts have concluded that default is inappropriate for habeas corpus proceedings. This would appear to be in keeping with the discretion given the court under Rule 12 [of the Rules Governing Section 2255 Proceedings] . . . ." (internal citations omitted)).[3]

---

[3] Some courts have stopped short of recognizing an absolute ban on default judgments in this context, but even they have left very little room for such action. See, e.g., United States v. Larsen, Nos. 04CR29, 11C1032, 2012 WL 2675014, at *1 (E.D. Wis. July 5, 2012) (unpublished) ("Default judgment may be used by trial courts for § 2255 motions, but because it is an extreme remedy in such cases, it should only be used where the government's delay has been extreme. Even where the government's delay in response is reaching the tipping point, the courts should still decide the motion on the merits if possible, because if the motion has no merit, as is the usual case, then the movant is unharmed by the delay." (internal citation omitted)); Atkins v. United States, Civ. A. No. 88-5106, 1990 WL 126196, at *3 (D.N.J. Aug. 27, 1990) (unpublished) ("Some courts, however, have held that default judgment against the government is justified when delays in pleading are extreme and unexpected, or when delay can be construed to indicate that a petitioner is in fact being held in violation of the Constitution. This exception requires a demonstrated violation of due process or an indication that petitioner is in fact being held unconstitutionally." (internal citation omitted)). The circumstances of this case would not satisfy any such narrow exception to any such general policy against entry of default judgments in favor of habeas petitioners because (as described in
(continued...)

5

Petitioner has failed to offer any reason for this Court to permit a default judgment in habeas cases generally or in this case specifically, particularly given that he has failed to identify any prejudice he has suffered. (See Docket Entry 26.) In light of that fact and the foregoing authority, the Court should decline to import default judgment procedures into this case.

"Moreover, to the extent that Federal Rule of Civil Procedure 55, which provides for default judgments, is applicable here, by its terms [said] [R]ule bars entry of a default judgment." Scantland, 2010 WL 6571943, at *5. First, "'[p]rior to obtaining a default judgment under either [Federal] Rule [of Civil Procedure] 55(b)(1) or [Federal] Rule [of Civil Procedure] 55(b)(2), there must be an entry of default as provided by [Federal] Rule [of Civil Procedure] 55(a).' . . . Because [Petitioner] did not first seek entry of a default from the [C]lerk of the [C]ourt, it was procedurally improper for [him] to move for entry of a default judgment." Heard v. Caruso, 351 F. App'x 1, 15-16 (6th Cir. 2009) (quoting Charles Alan Wright et al., Federal Prac. & Proc. § 2682 (3d ed. 1998)); accord, e.g., Husain v. Casino Control Comm'n, 265

---

[3](...continued)
further detail in the remainder of this subsection and the subsection that follows) Petitioner has failed to allege (much less to show) any prejudice, the record appears bereft of evidence that Petitioner possesses a right to relief on his collateral claims, and Respondent has not engaged in lengthy delay, significantly impeded the judicial process, or acted with any lack of good faith.

6

F. App'x 130, 133 (3d Cir. 2008); Romero v. Barnett, Civil Action No. DKC 09-2371, 2011 WL 1938147, at *2-3 (D. Md. May 20, 2011) (unpublished); Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co., 244 F.R.D. 317, 328 (E.D. Va. 2007).

Second, Federal Rule of Civil Procedure 55 states that "[a] default judgment may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d) (emphasis added).[4] This provision requires "findings by the district court regarding the merits of [the underlying] claim." Borzeka v. Heckler, 739 F.2d 444, 446 (9th Cir. 1984); see also Campbell v. Eastland, 307 F.2d 478, 491 (5th Cir. 1962) ("The Rule [now codified at Federal Rule of Civil Procedure 55(d)] rests on the rationale that the taxpayers at large should not be subjected to the cost of a judgment entered as a penalty against a government official which comes as a windfall to the individual litigant. The private party must first demonstrate that there is some basis on which he is entitled on the merits of his claim to receive judgment."); Lee v. Federal Emergency Mgmt. Agency, Civil Action Nos. 1:09-0028, 1:09-0210, 2010 WL 1027124, at *7 (S.D.W. Va. Feb.

---

[4] Moreover, even where a default judgment would affect an individual or entity other than the United States, the Fourth Circuit "ha[s] repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

7

26, 2010) (unpublished) ("The mere failure of an agency of the United States to respond . . . does not suffice to establish a claim or right to relief."), recommendation adopted, 2010 WL 1027050 (S.D.W. Va. Mar. 17, 2010) (unpublished), aff'd, 406 F. App'x 688 (4th Cir. 2010). Without reaching a final conclusion about Petitioner's collateral claims, but "[h]aving thoroughly examined the record, the undersigned [Magistrate Judge] finds at this juncture that [Petitioner] ha[s] not submitted evidence indicating that [his] claims of [federal constitutional, statutory, and treaty violations] have merit." Lee, 2010 WL 1027124, at *7.[5]

---

[5] For example, Petitioner's first collateral claim concerns the calculation of credit against his sentence (see Docket Entry 23 at 3); however, "[a] claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989). Petitioner's second collateral claim asserts that his guilty plea entitled him to a sentence at the lowest-end of his advisory guideline range to run concurrently with an unspecified state sentence (see Docket Entry 23 at 4) and Petitioner's third collateral claim charges that his counsel provided ineffective assistance by failing to pursue an appeal of that issue (see id. at 5); however, Petitioner's Plea Agreement contains no provision entitling him to such a sentence (see Docket Entry 10). Petitioner's fourth (and final) collateral claim simply declares in conclusory fashion that "he was not given the opportunity to have access to his consulate from Mexico as established by the [sic] Article 36 of the Vienna Convention . . . [and that] [h]ad [he] accessed his consul from Mexico, [he] would have never pled guilty and would have gone to trial." (Docket Entry 23 at 6.) The Fourth Circuit, however, has stated that "violation of Article 36 . . . does not require vacating [a] conviction," United States v. Prieto-Rubi, 306 F. App'x 826, 827 (4th Cir. 2009); accord United States v. Hurtado, 195 F. App'x 132 (4th Cir. 2006), and has ruled
(continued...)

8

As a final matter, if the Court elected to incorporate Federal Rule of Civil Procedure 55 into the habeas context, it would seem appropriate also to incorporate relevant parts of the Civil Rules portion of the Court's Local Rules (which themselves constitute an authorized extension of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 83). Those Local Rules require the filing of a brief with a motion for default judgment. See M.D.N.C. LR7.3(a) and (j) (requiring filing of briefs with all motions save exceptions that do not include motions for default judgment). Petitioner, however, neglected to file a brief with his instant Motion for Default Judgment. (See Docket Entries dated September 10, 2013, to present.) Nor did Petitioner's instant Motion for Default Judgment contain the material required of a brief. See M.D.N.C. LR7.2(a). These deficiencies independently support denial of Petitioner's instant Motion for Default Judgment. See M.D.N.C. LR7.3(k) ("A motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied.").

Given the foregoing considerations, the Court should decline to enter a default judgment in Petitioner's favor.

---

[5](...continued)
conclusory claims inadequate to secure even a hearing (much less relief) under Section 2255, see Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds, Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

9

## Respondent's Motion for Leave to File out of Time and for an Extension of Time

As documented in the Background section, Respondent did not move to enlarge its time to respond to Petitioner's Section 2255 Motion until the third business day after the deadline. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b) (emphasis added).[6] Although this Rule thus nominally requires a showing of both "good cause" and "excusable neglect," the Fourth Circuit effectively has collapsed these two requirements. See Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006) ("A district court has discretion to grant an enlargement of time 'upon motion made after the expiration of the specified period where the failure to act was the result of excusable neglect.' Fed. R. Civ. P. 6(b). We find no abuse of discretion here. The district court had a reasonable basis for finding good cause (or excusable neglect) . . . ." (internal ellipses omitted)).

---

[6] Federal courts adjudicating motions brought under Section 2255 regularly apply Federal Rule of Civil Procedure 6(b) (pursuant to the authorization in Rule 12 of the Rules Governing Section 2255 Proceedings) in a variety of different contexts, see, e.g., United States v. Pickett, 317 F. App'x 312, 313 & n.* (4th Cir. 2008); United States v. Estrada, Nos. CV-07-367-S-BLW, CR-03-94-S-BLW, 2008 WL 5069083, at *1 n.2 (D. Idaho July 3, 2008) (unpublished); Yellow Hawk v. United States, 314 F. Supp. 2d 921, 924-25 (D.S.D. 2004), including this precise one, see Horton v. United States, 244 F.3d 546, 549 n.2 (7th Cir. 2001).

This approach makes sense because, whereas courts have described the "good cause" standard as "non-rigorous," Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010), "liberal," Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989), and "not . . . particularly demanding," Stark-Romero v. National R.R. Passenger Co., 275 F.R.D. 544, 547 (D.N.M. 2011), the Fourth Circuit has declared that "'[e]xcusable neglect' is not easily demonstrated," Thompson v. E.I. DePont Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996). The question thus remains whether Respondent has shown excusable neglect.

The United States Supreme Court has explained that:

> [T]here is no indication that anything other than the commonly accepted meaning of the phrase ["excusable neglect"] was intended by its drafters. It is not surprising, then, that in applying [Federal] Rule [of Civil Procedure] 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence . . . do[es] not usually constitute "excusable" neglect, <u>it is clear that "excusable neglect" under [Federal] Rule [of Civil Procedure] 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant</u>.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391-92 (1993) (internal footnotes omitted) (emphasis added). In other words, the excusable neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. "These include . . . [1] the danger of prejudice to the [opposing party], [2] the

11

<u>length of the delay</u> and its potential <u>impact on judicial proceedings</u>, [3] the <u>reason for the delay</u>, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in <u>good faith</u>." <u>Id.</u> (emphasis added).[7]

Because (as previously documented) Petitioner has failed to allege (let alone show) any prejudice, the first <u>Pioneer</u> factor strongly favors Respondent's position, particularly given that, in this context, "delay in and of itself does not constitute prejudice to the opposing party," <u>Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413, 418 (4th Cir. 2010), and that no prejudice accrues from "los[ing] a quick [default-based] victory," <u>Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.</u>, 843 F.2d 808, 812 (4th Cir. 1988). The second factor, i.e., the length of the delay and its impact on judicial proceedings, <u>see</u> <u>Pioneer</u>, 507 U.S. at 395, also clearly supports a finding of excusable neglect. Only three business days elapsed between the expiration of the deadline set by the Court and Respondent's filing of the instant Motion for Leave. In applying the <u>Pioneer</u> factors, other

---

[7] In reviewing these factors, courts must not focus only on the actions (or inaction) of the party, but also "on whether [that party's] attorney, as [the party's] agent, did all he [or she] reasonably could to comply with the [deadline]." <u>Pioneer</u>, 507 U.S. at 396; <u>see also</u> <u>id.</u> at 396-97 (taking note of prior decisions, "[i]n other contexts, . . . [holding] that clients must be held accountable for the acts and omissions of their attorneys" in declaring that, "in determining whether [a party's] failure to [meet a deadline] was excusable, the proper focus is upon whether the neglect of [the party] and [its] counsel was excusable").

12

courts have deemed much longer periods of delay "minimal." Bateman v. United States Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000); Smith v. Rockett, No. CIV-06-492-M, 2010 WL 274497, at *3 (W.D. Okla. Jan. 15, 2010) (unpublished); Iannace v. Rogers, Civil No. 03-5973(JBS), 2006 WL 2038492, at *3 (D.N.J. July 18, 2006) (unpublished). Further, the Court has not set any hearings on Petitioner's Section 2255 Motion (see Docket Entries dated July 12, 2013, to present) and thus the minimal delay by Respondent has not affected any judicial proceedings.

As to the third factor, i.e., the reason for the delay, see Pioneer, 507 U.S. at 395, Respondent has asserted the following: "On September 10, 2013, [counsel for Respondent] was attending a continuing education conference out of the state. A motion was prepared to request an extension of time of two weeks for [said counsel] to answer [] Petitioner's motion. A copy of the motion was mailed to [] Petitioner on September 10th, but inadvertently was not filed with the Court." (Docket Entry 27 at 1.) The Supreme Court has indicated that, in assessing the "reason for delay" factor, courts should "give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the [missed deadline]." Pioneer, 507 U.S. at 398; see also Morris-Belcher v. Housing Auth. of City of Winston-Salem, No. 1:04CV255, 2005 WL 1423592, at *4 (M.D.N.C. June 17, 2005) (Beaty, J.) (unpublished) ("[T]he professional commitments and busy

13

caseload of an attorney are not ordinarily grounds for finding excusable neglect."). This factor thus weighs against Respondent, but the fourth factor, i.e., whether Respondent acted in good faith, see Pioneer, 507 U.S. at 395, decidedly favors a finding of excusable neglect, because the record reflects a complete absence of any sign that anything other than a good-faith mistake occurred.

In sum, the third Pioneer factor weighs against Respondent, but all three other Pioneer factors support a finding of excusable neglect. Although the third Pioneer factor constitutes the most significant, see Thompson, 76 F.3d at 534, the Supreme Court's holding in Pioneer makes clear that, even where an attorney is "remiss" in allowing a deadline to pass (i.e., lacks an acceptable reason for his or her oversight), a court may find excusable neglect when the record lacks "any evidence of prejudice to [the opposing party] or to judicial administration in th[e] case, or any indication at all of bad faith," Pioneer, 507 U.S. at 398. This case presents such circumstances and thus Respondent has made the showing necessary to secure leave to file an untimely response.

## CONCLUSION

This case, like habeas cases generally, does not warrant entry of a default judgment. In contrast, Respondent has satisfied the excusable neglect standard in connection with its request to file a belated response to Petitioner's Section 2255 Motion.

14

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Default Judgment (Docket Entry 26) be denied.

**IT IS ORDERED** that Respondent's Motion for Leave to File out of Time and Motion for an Extension of Time (Docket Entry 27) is **GRANTED** and that Respondent shall respond to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 23) by October 17, 2013.

This the 10th day of October, 2013.

>                /s/ L. Patrick Auld
>             **L. Patrick Auld**
>   **United States Magistrate Judge**

15