**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

PEDRO MUNOS MANRIQUES,          )
                                )
          Petitioner,           )
                                )
          v.                    )          1:10CR440-1
                                )          1:13CV444
UNITED STATES OF AMERICA,        )
                                )
          Respondent.           )


**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On July 1, 2011, this Court (per United States District Judge Catherine C. Eagles) entered judgment against Petitioner imposing, _inter alia_, a term of imprisonment, as a result of his guilty plea to unlawful presence in the United States after deportation subsequent to a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1). (Docket Entry 15; _see also_ Docket Entries dated Mar. 8 and June 14, 2011 (documenting plea and sentencing hearings.)[1] On March 20, 2013, the Court docketed Petitioner's pro se Notice of Appeal, which he dated as signed on March 5, 2013. (Docket Entry 16.) On April 23, 2013, the Fourth Circuit dismissed that appeal. (Docket Entries 20, 21.) On May 20, 2013, Petitioner signed and submitted to prison officials for mailing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket Entry 23.) The United States has moved for dismissal (Docket Entry 30) and Petitioner has

_____

[1] Parenthetical citations refer to Petitioner's criminal case.

responded (Docket Entry 33).  For the reasons that follow, the Court should dismiss Petitioner's Section 2255 Motion as untimely.

Petitioner's Section 2255 Motion asserts four grounds for relief:  1) "violation of due process when the Court failed to apply 9 months of jail credit" (Docket Entry 23 at 3); 2) "violation of due process by not running sentence concurrently with the state convictions at mitigated range" (<u>id.</u> at 4); 3) "ineffective assistance of counsel . . . [by] fail[ing] to appeal in timely manner" (<u>id.</u> at 5); and 4) "violation of Vienna Convention . . . when [Petitioner] was not given the opportunity to have access to his consulate from Mexico" (<u>id.</u> at 6).

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]."  28 U.S.C. § 2255(f).  Further:

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u>

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for filing his Section 2255 Motion commenced on or about July 15, 2011, "upon the expiration of the fourteen-day period for filing a direct appeal" after entry of Judgment on July 1, 2011. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) ("[The petitioner's] conviction became final when the time expired to file a timely notice of appeal on direct review . . . ."); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (same); Peoples v. United States, Civ. No. L-10-212, Crim. No. L-04-0423, 2010 WL 1375143, at *1 (D. Md. Mar. 31, 2010) (unpublished) (same), appeal dismissed, 512 F. App'x 376 (4th Cir. 2013); Teal v. United States, Civ. No. 4:12-2391-TLW, Crim. No. 4:09-950, 2013 WL 4776723, at *3 (D.S.C. Sept. 4, 2013) (unpublished) (same); Ervin v. United States, Nos. 1:11CV233, 1:08CR128-7, 2011 WL 5075651, at *3 (W.D.N.C. Oct. 25, 2011) (unpublished) (same). That one-year period expired on or about July 15, 2012, more than ten months before Petitioner filed his instant Section 2255 Motion.

Further, Petitioner does not argue that the delayed accrual provisions of Paragraphs (2) or (3) of Subsection 2255(f) apply to

any of the claims in his Section 2255 Motion. (See Docket Entries 23, 33.) To the extent Petitioner contends his counsel's alleged failure to perfect a timely direct appeal warrants application of the delayed accrual provision of Paragraph (4) of Subsection 2255(f) and/or equitable tolling of the one-year limitations period as calculated from the accrual date provided by Paragraph (1) of Subsection 2255(f) (see id.), such contentions lack merit because Petitioner has not shown that he acted with proper diligence, see 28 U.S.C. § 2255(f)(4) (delaying limitations commencement only until "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" (emphasis added)); Holland v. Florida, 560 U.S. 631, 649 (2010) (holding that "a petitioner is entitled to equitable tolling only if he shows that he has been pursuing his rights diligently" (internal numbering and quotation marks omitted) (emphasis added)).

Specifically, even if the Court credits Petitioner's averment that he "directed his counsel to APPEAL the Court's [Judgment] immediately" (Docket Entry 33 at 5 (capitalization as in original)),[2] "[o]nce [Petitioner] requested that counsel file an appeal, it was incumbent upon [Petitioner] to demonstrate that he diligently followed up with his attorney regarding the status of that appeal," United States v. Carter, No. 3:07CR230HEH, 2013 WL

_____

[2] Petitioner's counsel has averred that, after the two discussed an appeal, Petitioner "told [said counsel] NOT to appeal . . . ." (Docket Entry 30-1 at 3 (capitalization as in original).)

394717, at \*4 (E.D. Va. Jan. 31, 2013) (unpublished). "Moreover, counsel's failure to timely pursue an appeal was discoverable . . . [by consulting] the public record. . . . While no 'magic number' exists for the time afforded a reasonable prisoner to discover a promised appeal has not been filed, a petitioner must offer some evidence that he acted with due diligence." <u>Id.</u> at \*5.

Here, Petitioner does not even allege (much less present evidence) that he took <u>any</u> steps to determine the status of his appeal between the entry of his Judgment on July 1, 2011, and his signing of a pro se Notice of Appeal on March 5, 2013. (<u>See</u> Docket Entries 23, 33; <u>see also</u> Docket Entry 16 (failing to assert in pro se Notice of Appeal, which included headings of "Reason Why Belated Appeal and Appropriate Relief Should Be Issued," "Procedural History," and "Defendant Received Ineffective Assistance of Counsel," that Petitioner ever directed counsel to appeal or ever followed up with counsel or the Fourth Circuit about any appeal); Docket Entry 16-1 (omitting from affidavit attached to pro se Notice of Appeal any averment that Petitioner ever directed counsel to appeal or ever followed up with counsel or the Fourth Circuit about any appeal).)[3] "Had [] Petitioner made such an inquiry [], he certainly could have learned that he had no appeal and,

_____

[3] Moreover, new counsel appointed by the Fourth Circuit for Petitioner (<u>see</u> Docket Entry 19) conceded that "[n]o reason ha[d] been given by [Petitioner] for the delay [in appealing]," <u>United States v. Manriques</u>, No. 13-4226 (4th Cir.), Docket Entry 5 at 2.

therefore, that his one-year limitations period was running. []
Petitioner's failure to timely make such an inquiry simply was
unreasonable, and he must bear the consequences of that failure."
Facundo v. United States, Nos. 1:10CV78, 1:07CR19, 2010 WL 2245992,
at *4 (W.D.N.C. June 2, 2010) (unpublished); see also Wade v.
United States, No. 10-CV-5727(JS), 2014 WL 1686059, at *2 (E.D.N.Y.
Apr. 28, 2014) (unpublished) ("[The] [p]etitioner did not contact
the Clerk of the Court until more than fourteen months after his
sentence was imposed and therefore failed to meet the 'due
diligence' requirement of § 2255."); United States v. Rodriguez-
Martinez, Crim. No. 09-50006-1, 2011 WL 4343888, at *2 (W.D. Ark.
Aug. 26, 2011) (unpublished) ("The [d]efendant did not file his pro
se notice of appeal until seventeen months after the judgment was
entered against him.   The [c]ourt believes that a duly diligent
person in the [d]efendant's circumstances would have discovered
counsel's failure to file a notice of appeal well before seventeen
months had elapsed."), recommendation adopted, 2011 WL 4343843
(W.D. Ark. Sept. 15, 2011) (unpublished).[4]

    As a final matter, Petitioner asserts in conclusory fashion
that "the one year statutes [sic] of limitations cited in § 2255(f)
was REVERSED by the US Supreme Court in the Martinez, Trevino and

_____

    [4] Nor do Petitioner's bald references to alleged lack of
knowledge of English and legal procedure (see Docket Entry 23 at 8;
Docket Entry 33 at 5) warrant equitable tolling, see Aviles-Negron
v. Massey, No. 1:11CV904, 2013 WL 1314602, at *3-5 (M.D.N.C. Mar.
28, 2013) (unpublished) (collecting and discussing cases).

McQuiggins [sic] courts [sic] in 2012, and May 28, 2013 and May 29, 2013, respectively." (Docket Entry 33 at 4 (referring to Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012), Trevino v. Thaler, ___ U.S. ___, 133 S. Ct. 1911 (2013), and McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (2013)).) In fact, "[n]one of th[o]se cases help [Petitioner]. Martinez and Trevino each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim . . . . Thus, Martinez and Trevino are inapplicable to the determination of untimeliness . . . ." Wilson v. Perry, No. 1:14CV576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (unpublished), appeal dismissed, ___ F. App'x ___, 2014 WL 7014340 (4th Cir. 2014). Coordinately, although "McQuiggin held that actual innocence, if proved, serves as a gateway through which a petitioner may pass despite expiration of the one-year statute of limitations," id. (internal quotation marks omitted), Petitioner has not made any showing of actual innocence (see Docket Entries 23, 33).

In sum, Petitioner's Section 2255 Motion is untimely.

**IT IS THEREFORE RECOMMENDED** that the United States's Motion to Dismiss (Docket Entry 30) be granted and that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 23) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 9, 2015